IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| **NATASHA S. COWANS** | **PLAINTIFF** |
| **VERSUS** | **CAUSE NO:** 4:22cv111-DMB-JMV |
| **GREER CONSTRUCTION, LLC, and UNKNOWN JOHN DOE DEFENDANTS ONE THROUGH TEN** | **DEFENDANTS** |

### NOTICE OF REMOVAL BY DEFENDANT GREER CONSTRUCTION, LLC

Defendant, Greer Construction, LLC ("Defendant" or "Greer Construction"), by and through counsel, files this, its Notice of Removal of this matter to the United States District Court for the Northern District of Mississippi, Greenville Division, pursuant 28 U.S.C. Sections 104, 1332, 1441 and 1446, and would show the following:

### INTRODUCTION

1. On May 3, 2022, Natasha Cowans ("Plaintiff") filed suit in the Circuit Court of Attala County, Mississippi (Civil Action No. 2022-91-CV-JL) against Defendant seeking compensation for injuries she allegedly sustained in a single motor vehicle accident that occurred when she drove across wet concrete near the entrance of Hickory Hills Apartments on or about May 29, 2019. *See* Pl's Compl. (**Ex. "A"**). As demonstrated below, this Court has diversity jurisdiction under 28 U.S.C. Section 1332, and this case is removable under 28 U.S.C. Section 1441.

### RELEVANT FACTS AND PROCEDURAL HISTORY

2. In this lawsuit, Plaintiff asserts claims of negligence against Greer Construction, LLC specifically alleging that, Greer Construction "poured concrete into a pothole at the entrance

1

of [Hickory Hill's] premises" . . . and "the poured concrete had not dried at the time of the incident constituting a dangerous condition . . ." *See* Pl's Compl. Ex. A at ¶¶ 7-8.

3. Plaintiff served her Complaint and Summons on Defendant on May 24, 2022. (The state court file will be filed within 14 days of the filing of this Notice).

4. However, Plaintiff's Complaint seeks an unspecified amount of compensatory damages, and taking the allegations of damages in the Complaint as true, it was not facially apparent that the amount in controversy exceeds $75,000.00 as a matter of law. *See* Pl's Compl. Ex. A.

5. After answering the Complaint, on June 23, 2022, Defendant served Request for Admissions to Plaintiff to seek clarity on the amount in controversy. *See* Plaintiff's Responses to Allstate's Request for Admissions, ("**Exhibit B**"). Plaintiff responded to the Request for Admissions on June 28, 2022, and denied, among other things, that damages "to which you may be entitled will not exceed $75,000, exclusive of interest and cost. *Id*.

6. It is now clear, therefore, that the amount in controversy exceeds $75,000, exclusive of interest and cost. For this reason, and because Plaintiff and Defendant are resident citizens of different states, Defendant hereby removes this action to federal court.

### REMOVAL IS TIMELY

7. Plaintiff filed this civil action against Defendant in the Circuit Court of Attala County on May 3, 2022 and served Defendant with process on May 24, 2022.

8. However, because the initial pleading in this matter did not reveal on its face that Plaintiff is seeking damages in excess of the jurisdictional minimum, this case did not become removable until June 28, 2022, when Plaintiff served her Responses to Defendant's Request for Admissions admitting and disclosing that she seeks damages in excess of $75,0000. Thus, the 30-

day time period for removal began June 28, 2022, and expires July 28, 2022. *See* 28 U.S.C. § 1446(b)(3); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 165 (5th Cir. 1992). This Notice of Removal is therefore timely under the provisions of 28 U.S.C. § 1446(b).

### VENUE REQUIREMENT IS MET

9. Venue for this removal is proper under 28 U.S.C. § 1441(a), because, as set forth below, the instant case is one over which this Court has original jurisdiction, and this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending. *See* 28 U.S.C.§ 104(a)(3) (stating the Greenville Division of the United States District Court for the Northern District of Mississippi is the division and district embracing Attala County).

### REMOVAL IS PROPER

10. Removal is controlled by 28 U.S.C. § 1441, which provides in relative part that "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Original jurisdiction exists if, pursuant to 28 U.S.C. § 1332, there is complete diversity among the parties and the amount in controversy exceeds $75,000. *Id.*; *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1330 (5th Cir. 1995). Therefore, if complete diversity exists and it is determined that the amount in controversy exceeds $75,000, this Court has original jurisdiction of this case and removal is proper pursuant to 28 U.S.C. § 1441.

A. **Complete Diversity Exists Between the Parties**

11. Complete diversity exists among the parties pursuant to 28 U.S.C. § 1332(a). According to the Complaint, Plaintiff is domiciled in Attala, Mississippi. *See Pl's Compl,* Ex. A, at ¶ 1.

12. Defendant Greer Construction, LLC is an Alabama limited liability company with its principal place of business being Rogersville, Alabama. *Id*. at ¶ 2; *See also* Miss. Sec. of State Bus. Info. for Greer Construction (**Exhibit "C"**). The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its member(s). *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Greer Construction is comprised of two individual members, Lynn Greer and Rebecca Greer. Both Lynn and Rebecca Greer are adult resident citizens of Alabama. Therefore, diversity of citizenship, exists between the parties.

  **B.** **The Amount in Controversy Exceeds $75,000.00**

13. In addition to there being diversity of citizenship between Plaintiff and Defendant, the amount in controversy claimed by Plaintiff also exceeds $75,000. As stated herein above, Plaintiff's Complaint did not set forth a specific monetary amount for the damages she is seeking. The amount in controversy was, however, confirmed through Plaintiff's Responses to Defendant's Request for Admissions, in which Plaintiff expressly denied, among other things, that the total damages would "not exceed $75,000, exclusive of interest and cost." *See* Plaintiff's Responses to Allstate's Request for Admissions, Ex. B. The amount in controversy is, therefore, established.

14. Accordingly, removal is proper as this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 since it is a civil action between citizens of different states, and, based on Plaintiff's Responses to Defendants Request for Admissions, the amount in controversy is in excess of $75,000.

  **C.** **Compliance With Procedural Requirements**

15. Pursuant to 28 U.S.C. Section 1446(a) and Rule 5(b) of the Local Uniform Civil Rules of the United States District Courts for the Northern District and Southern District of

Mississippi, Defendant will electronically file a certified copy of the entire Attala County Circuit Court file with this Court within fourteen (14) days.

16. Defendant will give written notice of the filing of this Notice of Removal to Plaintiff and a copy of this Notice will be duly filed with the Clerk of the Circuit Court of Attala County, Mississippi, as required by 28 U.S.C. Section 1446(d).

## CONCLUSION

17. As shown herein above, removal of this action is proper and timely. This Court has diversity jurisdiction under 28 U.S.C. Section 1332 and under 28 U.S.C. Section 1441, as the parties are completely diverse and the amount in controversy exceeds the jurisdictional threshold of $75,000. Defendant requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Attala County, Mississippi, be hereby stayed

Respectfully submitted, this 20th day of July, 2022.

**GREER CONSTRUCTION, LLC**

**BY**: s/ *Lynda C. Carter*
LYNDA C. CARTER, MSBN 99539

**OF COUNSEL**:
WISE CARTER CHILD & CARAWAY, P.A.
Lynda C. Carter, Esq. (MSBN 99539)
Kaitlyn J. McMellon, Esq. (MSBN 105704)
2510 14th Street, Suite 1125
Gulfport, MS 39501
Tel: (228) 867-7141
lcc@wisecarter.com
kjm@wisecarter.com

## CERTIFICATE OF SERVICE

I, Lynda C. Carter, do hereby certify that I have filed and caused to be delivered via the Court's Electronic Filing System, a true and correct copy of the above document to:

M. Blake Harthcock
Frank H. Shaw, Jr.
Frank Shaw Law Firm, PLLC
133 East Jefferson Street
Kosciusko, MS 39090
frank@frankshawlawfirm.com
blakeharthcock.fhs@gmail.com
*Counsel for Plaintiff*

This the 20th day of July, 2022.

s/ *Lynda C. Carter*
LYNDA C. CARTER, MSBN 99539

**OF COUNSEL**:
WISE CARTER CHILD & CARAWAY, P.A.
Lynda C. Carter, Esq. (MSBN 99539)
Kaitlyn J. McMellon, Esq. (MSBN 105704)
2510 14th Street, Suite 1125
Gulfport, MS 39501
Tel: (228) 867-7141
lcc@wisecarter.com
kjm@wisecarter.com