Case: 04CI1:22-cv-00091-JL   Document #: 2   Filed: 05/03/2022   Page 1 of 6

## IN THE CIRCUIT COURT OF ATTALA COUNTY, MISSISSIPPI

**NATASHA S. COWANS**  PLAINTIFF

V.  CAUSE NO. 2022-91-CV-L

**GREER CONSTRUCTION, LLC, and**
**UNKNOWN JOHN DOE DEFENDANTS**
**ONE THROUGH TEN**  DEFENDANTS

### COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW, Plaintiff, Natasha S. Cowans, (*hereinafter "Ms. Cowans"*) by and through the undersigned counsel, files this her *Complaint* against the Defendants, Greer Construction, LLC (*hereinafter "Defendant"*), and Unknown John Doe Defendants One through Ten, and in support thereof would show unto the Court the following:

### I. Parties

1. Ms. Cowans is an adult resident of Attala County, Mississippi.

2. Greer Construction, LLC, is a foreign corporation whose principal place of business is located at 20 Market Sq., P.O. Box 40, Rogersville, AL 35652, and whose registered agent for service of process is Celia Bowman located at 1 Glen Eagles Dr., Jackson, MS 39211.

3. Unknown John Doe Defendants One through Ten consist of individuals who provided services through agents, employees, and any other related providers on behalf of Defendants, and who may be named in accordance with the terms of 9(h) of the Mississippi Rules of Civil Procedure as they are identified through the course of investigation and discovery in this cause of action.

FILED
Lula Thompson, Circuit Clerk

MAY 03 2022
By_____



1

## II. Jurisdiction and Venue

4. This Court has jurisdiction over this proceeding pursuant to the provisions of Mississippi Code of 1972 Annotated, § 11-11-3, as amended, and this Court is appropriate venue as the incident occurred in Attala County, Mississippi.

## III. Facts

5. On or about May 29, 2019, Ms. Cowans drove onto Hickory Hills Apartments' premises roadway in a lawful and proper manner.

6. Upon information and belief, Hickory Hills Apartments' premises, is owned by Hickory Hills, LP.

7. Upon information and belief, employees of Defendant Greer Construction LLC had poured concrete into a pot hole at the entrance of said premises from Mississippi State Highway 12.

8. Upon information and belief, the poured concrete had not dried at the time of the incident constituting a dangerous condition or a trap concealing the dangerous pot hole from users of the roadway.

9. Upon information and belief, Defendant took no measures to warn the traveling public of the dangerous condition it created and known to its employees.

10. Upon information and belief, Defendant's employees were present at the scene at time of the incident.

## IV. Claims for Relief

### *Count I—Respondeat Superior & Premises Liability*

11. Ms. Cowans hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 10.

12. Defendant, acting through its' employees under the doctrine of Respondeat Superior has a duty of ordinary care to all motorists, including Ms. Cowans, to warn motorists of a dangerous condition in the roadway known or created by the employees of the Defendant, but not readily visible to an individual lawfully operating a motor vehicle on said roadway.

13. Defendant, acting through its' employees under the doctrine of Respondeat Superior negligently failed to provide a reasonable safe environment for motorist in the roadway, and as a direct and proximate result, Ms. Cowans suffered injuries for which she is permitted to recover from Defendant.

14. Defendant, acting through its' employees under the doctrine of Respondeat Superior failed to inspect and mitigate a known dangerous condition, namely the wet concrete in the pot hole of the roadway, when such dangerous condition presented a hazard, by failing to warn of said hazard.

15. In failing to warn of the hazard constituting a dangerous conditions, Defendant acting through its' employees under the doctrine of Respondeat Superior caused or was a substantial contributing factor causing Ms. Cowans' injuries, for which is permitted recover from Defendant.

16. Defendant, acting through its' employees under the doctrine of Respondeat Superior failed to warn drivers, including Ms. Cowans, of the known dangerous condition or trap it created posed by the wet concrete in the pot hole in the roadway through the use of signage or other reasonable warning measures.

17. In failing to properly warn driver, and Ms. Cowans, of the known dangerous condition or trap through the use of signage or other reasonable warning measures, Defendant, acting through its' employees under the doctrine of Respondeat Superior caused or was a substantial contributing factor causing Ms. Cowans' injuries, for which she is permitted to recover from the Defendant.

### *Count II—Negligence*

18. Ms. Cowans hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 11 through 17.

19. Defendant had a duty of ordinary care to all motorists, including Ms. Cowans, lawfully using the roadway.

20. In its failure to exercise reasonable care in failing to warn all motorists, including Ms. Cowans, of a known dangerous condition, Defendant failed to act as a reasonable, prudent person should have acted under the conditions then and there existing, thereby causing injury to Ms. Cowans.

21. As a direct and proximate result of Defendant's afore-described acts and omissions, Ms. Cowans has been caused physical injuries and money damages, for which she is permitted to recover from Defendant.

### *Count III—Negligent Property Damage*

22. Ms. Cowans hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 18 through 21.

23. Defendant had a duty of ordinary care to all motorists, including Ms. Cowans, lawfully using the roadway.

24. In its failure to exercise reasonable care in failing to warn all motorists, including Ms. Cowans, of a known dangerous condition, Defendant failed to act as a reasonable, prudent person should have acted under the conditions then and there existing, thereby causing injury to Ms. Cowans motor vehicle.

25.  As a direct and proximate result of Defendant's afore-described acts and omissions, Ms. Cowans has been caused property and money damages to her motor vehicle, for which she is permitted to recover from Defendant.

## V. Damages

26.  Ms. Cowans hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 22 through 25.

27.  Defendant's breach of these duties was the proximate cause and contributing cause and/or substantial contributing factor causing this incident and the resulting injuries to Ms. Cowans.

28.  As a further direct and proximate cause of the Defendant's disregard for Ms. Cowans' safety and well-being under the doctrine of Respondeat Superior and other negligent acts, Ms. Cowans suffered serious bodily injuries and incurred substantial monetary damages. These damages include, but are not necessarily limited to the following:

   (a)  past, present and future medical expenses;

   (b)  past, present and future physical pain and suffering;

   (c)  past, present and future mental and emotional distress;

   (d)  past, present and future inconvenience and discomfort;

   (e)  permanent impairment and disability;

   (f)  past, present and future lost wages, loss of wage earning capacity and/or loss of access to labor market;

   (g)  property damages; and

   (h)  any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

## VII. Right to Amend Pursuant to Miss. R. Civ. P. 15

29.    Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, as amended, Ms. Cowans reserves the right to name additional Defendants should later facts establish that others are liable herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgement against the Defendant for actual damages, compensatory damages, non-pecuniary damages, attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 2nd day of May, 2022.

RESPECTFULLY SUBMITTED,

NATASHA S. COWANS, PLAINTIFF

By: _____
M. BLAKE HARTHCOCK (MSB # 105821)
FRANK H. SHAW, JR. (MSB #6743)
Frank Shaw Law Firm, PLLC
133 East Jefferson Street
Kosciusko, MS 39090
Phone: (662) 289-4740
Fax: (662) 289-4989
Email: frank@frankshawlawfirm.com
Email: blakeharthcock.fhs@gmail.com

*Of Counsel for Plaintiff*